

650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

March 30, 2016

VIA ECF AND EMAIL
(sullivannysdchambers@nysd.uscourts.gov)

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

   **Re:**  *Grecia v. Visa Inc.*, **Case No. 1:15-cv-09210 (RJS)**

Dear Judge Sullivan:

  I represent Defendant Visa Inc. ("Visa") in the above captioned action.  Visa respectfully requests a pre-motion conference to seek permission to file a motion to transfer this Action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) or, in the alternative, authorization from the Court to file the motion without a pre-motion conference.  This letter sets forth the basis for Visa's anticipated motion.

  The facts of this case strongly favor transfer to the Northern District of California.  In deciding a transfer motion pursuant to § 1404(a), the court must first determine whether the action "might have been brought" in the district to which transfer is sought.  28 U.S.C. § 1404(a).  Visa is headquartered in the Northern District of California, including offices in Foster City, California, and San Francisco, California.  This threshold issue is, therefore, met and the action could have been brought in the Northern District of California.

  Courts then consider a variety of factors in deciding whether to grant the transfer, including: "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."  *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-4986 (JSR), 2012 WL 6808527, at *1 (S.D.N.Y. 2012) (internal citations omitted).

  <u>Convenience of witnesses</u>:  Convenience of witnesses is the most important factor in considering a motion to transfer under § 1404(a).  *See, e.g., IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co., Ltd.*, No. 14-cv-04355, No. 14-cv-04428, No. 14-cv-07954, slip op. at 5 (S.D.N.Y. Aug. 6, 2015).  The Court considers the materiality of the witnesses and whether the witness is a

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Richard J. Sullivan
March 30, 2016
Page 2

key witness.  *See Millennium, L.P. v. Hyland Software, Inc.*, No. 03-cv-3900, 2003 WL 22928644, at *3 (S.D.N.Y. Dec.10. 2003).  In a patent infringement case, the key witnesses are those with information relating to the accused product.  *Id*.

Here, the key witnesses are located in the Northern District of California.  The identified accused products, Visa Token Service ("VTS") and VisaNet, were either designed and developed in the Northern District of California (VTS) or ongoing development efforts are located there (VisaNet).  Engineers with relevant knowledge related to VTS and VisaNet are, therefore, located in the Northern district of California.  Further, Visa's sales and marketing, to the extent performed by Visa, are based in the Northern District of California.  Accordingly, all of the key witnesses with primary knowledge of VTS and VisaNet are located in the Northern District of California.  In contrast, there are no witnesses who would provide testimony relating to either VTS or VisaNet located in New York.

Moreover, Mr. Grecia is the plaintiff, inventor, and prosecuting attorney and is likely the sole witness for plaintiff.  Mr. Grecia is located in Pennsylvania and has no apparent connection to this forum beyond his decision to initiate suit here.  That Mr. Grecia also sued other defendants in the same industry does not change the fact that the Northern District of California is more convenient for the witnesses implicated in this action.  Nor are any of the witnesses for the other defendants relevant to the action against Visa.  If anything, this is a fact more properly considered under the trial efficiency prong.  Accordingly, this factor strongly favors transfer.

Location of relevant documents:  "In patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendants documents are kept weigh in favor of transfer to that location."  *Millennium*, 2003 WL 22928644, at *4.  The vast majority of Visa's documentation is stored electronically and, under Visa's normal practice, any document collection would be managed from the Visa's Foster City offices in the Northern District of California.  Visa is not aware of any relevant documents that would be produced from New York.  Accordingly, this factor favors transfer.

Convenience of the parties:  "The convenience of the parties is often connected to the convenience of their respective witnesses."  *IXI*, slip op. at 10.  As discussed above, the convenience of the witnesses heavily favors transfer.  Plaintiff has no connection to this forum and will be required to travel whether the action remains in this Court or is transferred.  Further, any inconvenience from transfer for plaintiff is limited as Mr. Grecia is the only witness and has previously filed multiple lawsuits on the same patents in the Northern District of California, including one that is still pending.  Accordingly, this factor favors transfer.

Locus of operative facts:  The locus of operative facts is a primary factor in deciding a transfer motion.  *See IXI*, slip op. at 11; *see also Millennium*, 2003 WL 22928644, at *5 ("In patent infringement cases, the locus of operative facts is where the allegedly infringing product was designed, developed, and managed.").  The locus of operative facts is clearly in the Northern

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Richard J. Sullivan
March 30, 2016
Page 3

District of California where VTS was designed and development and where the ongoing development of VisaNet occurs. Moreover, any relevant information relating to the marketing and sales of these products in also located in the Northern District of California. Visa understands that none of the operative facts of this action occurred in New York. Accordingly, this factor favors transfer.

Weight accorded the plaintiff's choice of forum: Where the operative facts lack a meaningful connection to the chosen forum, the weight afforded a plaintiff's choice is diminished. See IXI, slip op. at 14. A plaintiff's choice of forum receives even less deference when the forum is not the plaintiff's home district. Colida v. Panasonic Corp. of North Am., 2005 WL 3046298, at *2 (S.D.N.Y. 2005). There is no meaningful connection to this forum and Mr. Grecia is not a resident of this forum. Mr. Grecia's choice of forum, therefore, should not be accorded much deference.

Trial efficiency and the interests of justice: No trial efficiency is either lost or gained by transfer. There is currently a case pending in the Northern District of California involving at least one of the patents asserted in this action. Further, Mr. Grecia has filed more than eight suits in the Northern District of California, and another six have been transferred to that forum, most of which were unopposed. Finally, Mr. Grecia recently initiated a lawsuit involving the asserted patents in the Northern District of Illinois. Accordingly, there is a reasonable likelihood that more than one court will construe the patents at issues and transfer will not impact possible trial efficiencies. Moreover, the Northern District of California is clearly the forum with the most meaningful connections to the facts of this case. This factor favors transfer or is neutral.

Remaining factors: The remaining factors are neutral. At this point, no unwilling witnesses have been identified, so this factor is neutral. The relative means of the parties is also neutral. As discussed above, Mr. Grecia has sued companies in a number of different districts, including the Northern District of California, indicating that it would not be burdensome for him to litigate in that district. See Colida, 2005 WL 3046298, at *3. Finally, as this Court has found previously, "patent law is federal law and any district court may handle a patent case with equal skill." IXI, slip op. at 14 (internal citations omitted). Accordingly, the forum's familiarity with the governing law is neutral.

On balance, the facts of this case favor transfer. Accordingly, Visa respectfully requests a pre-motion conference to seek permission to file a motion to transfer or, alternatively, authorization to file the motion without a pre-motion conference.

    Sincerely,

    /s/ James C. Yoon

    James C. Yoon

cc: Counsel of Record – Matthew M. Wawrzyn (mwawrzyn@siprut.com)