

17 NORTH STATE STREET
SUITE 1600
CHICAGO, ILLINOIS 60602
PHONE: 312.236.0000
FAX: 312.690.4325

Matthew M. Wawrzyn
mwawrzyn@siprut.com

April 6, 2016

V<small>IA</small> ECF <small>AND</small> E<small>MAIL</small>
sullivannysdchambers@nysd.uscourts.gov

Honorable Richard J. Sullivan
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Grecia v. Visa Inc.*, **Case No. 1:15-cv-09210 (RJS)**

Dear Judge Sullivan:

I represent William Grecia in his three patent-infringement actions pending before your Honor against Visa Inc. ("Visa"), American Express Company, and MasterCard Incorporated. This letter starts with a thumbnail sketch of Mr. Grecia's technology claimed in the patents-in-suit, comparing the claims to a general description of defendants' accused tokenization systems. The letter concludes by outlining Grecia's opposition to Visa's request to transfer the case against Visa to the District Court for the Northern District of California, Visa's home court.

*Grecia's Technology and the Accused Tokenization Systems*

William Grecia is the owner and inventor of the following three patents asserted against defendants: U.S. Patent Nos. 8,887,308 (the "'308 patent"); 8,533,860 (the "'860 patent"); and 8,402,555 (the "'555 patent").

In the Summer of 2009, Grecia began to build a system called STR3EM, which Grecia continues to try to commercialize. This system creates free transferability of digital content. In a word, this system associates one data point with another data point through the interoperability of a cloud-based apparatus. In February 2010, having built STR3EM, Grecia applied for a patent. On March 19, 2013, the '555 patent issued, claiming, among other things, a "method for monitoring access to an encrypted digital media, the method facilitating interoperability between a plurality of data processing devices . . . ." (*Id.*, col. 14:36-38.) In claim 1, digital media becomes freely transferable among data processing devices because a "verification token" and an "identification reference" are associated with the digital media. Association of these two data points is made possible by writing both the token and reference into the "metadata of the encrypted digital media." Simply put, claim 1 achieves transferability of digital media by writing access rights *not* to the media itself, but rather a database referring to the digital media.

Honorable Richard J. Sullivan
April 6, 2016
Page 2



The '860 patent issued on September 10, 2013. There, Grecia claims, among other things, a "method for authorizing access to digital content using a cloud system . . . ." ('860 patent, col. 14:31-32.) In claim 1, either the verification token or the identification reference is written into the metadata of the digital content—again, not written into the digital content itself. (*See, e.g.*, *id.*, col.15:3-4.) The '308 patent issued on November 11, 2014. There, Grecia claims a "process for transforming a user access request for cloud digital content into a computer readable authorization object . . . ." ('308 patent, col. 14:31-33.) The process involves writing either "verification data" or "query data" into a data store to create a computer readable authorization object. (*Id.*, col. 15:4-6.)

EMVCo is an industry standards body that publishes system specifications for the infrastructure of the credit card industry. In 2014, EMVCo issued the "EMV Tokenisation Specification." This specification attempts to combat credit card fraud achieved through data breaches at the retail location (e.g., the notorious data breaches at Target and Neiman Marcus) by "replacing a traditional card account number with a unique payment token." (www.emvco.com/about_emv.aspx.) Grecia alleges that each defendant's tokenization system complies with the EMV Tokenisation Specification and, therefore, infringes the Grecia patents. This is because the credit card account number is associated with the payment token, in part by writing the number and the token into the metadata of the digital content.

*Grecia Would Oppose a Visa Transfer Motion*

This is a proper venue for the Visa case. Grecia would request that the Court decline to exercise its discretion under 28 U.S.C. § 1404(a) based on the efficiencies to be gained by hearing all pre-trial matters in each of the three cases. Defendants have identical claim construction and invalidity issues. It would be highly inefficient for two courts to hear such a plethora of identical issues. *See, e.g.*, *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'"). Consolidating pre-trial issues in this Court would not only be most efficient, it would avoid the possibility of inconsistent judgments and orders.

Moreover, because the EMV Tokenisation Specification is key to each of Grecia's infringement cases against defendants, many discovery issues will be common. Therefore, there would be a savings of judicial and party resources on Grecia's infringement cases as well.

Yours sincerely,

Matthew M. Wawrzyn

Cc: Counsel for defendants via email (James C. Yoon, Shamita D. Eienne-Cummings, and Edward F. Maluf)  4840-6764-2415, v. 1