# WAWRZYN & JARVIS LLC

Matthew M. Wawrzyn
*matt@wawrzynlaw.com*
233 S. Wacker Drive, 84th Floor
Chicago, IL 60606

April 25, 2016

V<span style="font-variant:small-caps">ia</span> ECF:

Hon. Richard J. Sullivan
United States District Court Judge
40 Foley Square
New York, NY 10007

**Re:** *Grecia v. MasterCard Incorporated*, 15-cv-9059 (RJS)
*Grecia v. Visa Inc.*, 15-cv-9210 (RJS)
*Grecia v. American Express Company*, 15-cv-9217 (RJS)
Supplemental Briefing in Opposition to Visa Inc.'s Motion to Transfer Case to the Northern District of California

Dear Judge Sullivan:

I represent plaintiff William Grecia in these patent-infringement cases against Visa Inc. ("Visa"), American Express Company ("AMEX"), and MasterCard Corporation ("MasterCard"). On April 12, 2016, the Court entered an order deeming as briefed Visa's request to transfer the Visa case to the Northern District of California. (Dkt. No. 29.) The Court also ordered Grecia, if he was going to further respond, to further respond to Visa's transfer motion by April 25, 2016. The Court also ordered by April 25 any response to AMEX's and MasterCard's requests to stay the cases against them pending *inter partes* review ("IPR") petitions filed by Unified Patents, Inc. ("UPI").

Gercia's limited opposition to the stay request informs Grecia's opposition to Visa's transfer request. Thus, Grecia starts with discussion of the stay, and he ends with his continued opposition to Visa's request to transfer to the Bay Area.

***Grecia Would Consent to a Stay Conditioned on Estoppel Effects***

William Grecia would stipulate to a stay of this litigation if AMEX and MasterCard would agree to be bound by the outcome of the UPI IPRs. Not only is Mr. Grecia's proposal fair, it is consistent with the statutory framework of the America Invents Act that created the IPR process. Furthermore, courts construing this framework have required a defendant like AMEX or MasterCard to be bound by the outcome of an IPR that was used to support the stay of district court litigation.

The AIA provides for estoppel effects upon the conclusion of an IPR by a "final written decision": "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

Courts have done what Grecia asks the Court to do here—*viz.*, tie the stay of the litigation to the

estoppel effects of the third party IPR. *Locata LBS, LLC v. Yellowpages.com, LLC*, Case No. LA CV13-0766k, 2014 WL 8103949, at *5 (C.D. Cal. July 11, 2014) ("A limited estoppel would be inefficient. If it were adopted, [defendants not party to the IPR] would have the opportunity to wait for the determinations of the PTO following *inter partes* review and then raise any new grounds upon which the '381 patent might be invalidated. Proceeding in this manner would impose unwarranted delay in this action."); *e-Watch, Inc. v. FLIR Sys., Inc.*, No. H-13-0638, 2013 WL 8695916, *1 (S.D. Tex. Aug. 8, 2013) ("Since the court's stay is conditioned upon FLIR being [estopped fully as the third party petitioner would be], the court concludes that a stay will not unduly prejudice plaintiff or present a clear tactical disadvantage to plaintiff."). Fairness dictates that if the Court were to stay this litigation based on the perceived efficiencies to be derived from the UPI IPRs, then AMEX and MasterCard should stand in UPI's shoes and be bound by the estoppel effects of section 315(e)(2).

In other words, a stay pending the IPRs would no doubt conserve party and judicial resources. But to bring efficiencies to this litigation and mitigate the prejudice of a stay as to Mr. Grecia, the Court should condition the stay on AMEX's and MasterCard's stipulation to be bound by the estoppel effects of the UPI IPRs.

***Grecia Opposes the Visa Transfer Motion***

For the reasons stated below, Grecia opposes Visa's request to transfer the case to the Northern District of California. Before getting to those reasons, however, Grecia proposes that the Court defer litigation on this issue until after the UPI IPRs have been resolved. The Court could stay the Visa case along with the AMEX and MasterCard cases conditioned on defendants stipulating to the estoppel effects of section 315(e)(2). Once the UPI IPRs are resolved and Grecia moves to lift the stay, Visa could move the Court for transfer at that time.

In his complaints against Visa, MasterCard, and AMEX, Grecia alleges that each defendant infringes U.S. Patent Nos. 8,887,308; 8,553,860; and 8,402,555 (the "asserted patents"). The asserted patents claim—and defendants' accused services infringe—a tokenization system for credit card payments made online or using a "chip card." Visa, MasterCard, and AMEX are partners in EMVCo LLC ("EMVCo"), the entity that created and manages the "EMV standard," which is the specification by which each of the three defendants operates their respective tokenization systems. Indeed, the defendants, and the millions of retailers that use the defendants' respective accused services, must maintain compliance with the EMV standard. Thus, the factual inquiry into whether each individual defendant infringes the asserted patents will necessarily focus on EMVCo and its EMV standard.

Among the factors the Court should consider is "trial efficiency and the interests of justice, based on the totality of the circumstances." *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-4986 (JSR), 2012 WL 6808527, at *1 (S.D.N.Y. 2012). When considering the totality of the circumstances, these cases should be in the same court and before the same judge, especially considering discovery. Again, all three defendants follow the EMV standard, and the outcome of all three cases will turn on the same factual inquiries into the EMV standard. Grecia brought these

three cases in this Court, because it is the home of MasterCard and AMEX: two-thirds of the defendants. Thus, this district is the locus of operative facts.

Grecia has already identified one witness he will depose regarding the EMV standard: Sean Conroy, member of the Board of Managers of EMVCo and Director of EMV Standards. Mr. Conroy is located in New York, and is not an employee of Visa. Grecia will depose Mr. Conroy for all three cases. If the Court grants Visa's motion to transfer, Grecia will have to depose Mr. Conroy twice. Moreover, the Northern District of California will be unable to compel Mr. Conroy to testify at trial.

Visa insists that no efficiency would be lost by transfer to the Northern District of California because there is already a case pending in that Court (*Grecia v. DISH Network L.L.C.*, Case No. 4:16-cv-588-YGR). Grecia's case against DISH alleges one overlapping patent, but the similarities end there. While Grecia alleges that Visa infringes by the provision of its credit card tokenization system, Grecia alleges DISH infringes by provision of its TV Anywhere service. Simply put, there is no factual overlap between DISH's infringement and Visa's infringement. Conversely, as explained above, there is virtually complete factual overlap between Visa's, MasterCard's, and AMEX's infringement. Transferring the Visa case would require Grecia to re-litigate and re-discover identical facts: a truly inefficient use of party and court resources.

Finally, as set forth above, Grecia does not wholly object to MasterCard's and AMEX's motions to stay these cases pending *inter partes review* of the asserted patents. If the Court grants the motions to stay, Grecia would request that the Visa case be stayed on the same terms, and Visa's motion to transfer be continued until the resolution of the IPR.

Respectfully submitted,

Matthew M. Wawrzyn

cc via cm/ecf: All Counsel of Record