

650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

December 6, 2016

VIA ECF AND EMAIL
(sullivannysdchambers@nysd.uscourts.gov)

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re**: *Grecia v. MasterCard Incorporated*, 15-cv-9059 (RJS)
*Grecia v. Visa Inc.*, 15-cv-9210 (RJS)
*Grecia v. American Express Travel Related Services Company, Inc.*, 15-cv-9217 (RJS)

Dear Judge Sullivan:

    Defendants MasterCard Incorporated, Visa Inc., and American Express Travel Related Services Company, Inc. (collectively, "Defendants") write in response to Plaintiff's letter filed December 2, 2016. To promote judicial efficiency, Defendants respectfully request that the Court maintain the current stay at least until the Patent Trial and Appeal Board ("PTAB") issues a decision on instituting the Dish Network LLC ("DISH") *inter partes* review ("DISH IPR") with respect to U.S. Patent No. 8,887,308 ("the '308 patent"). The PTAB is expected to issue its decision by January 30, 2017. For the reasons explained below, Defendants also believe that a stay is appropriate in the five additional related cases currently pending against Defendants' respective customers, 1-800-Flowers.com, Inc., BestBuy.com, LLC, J. Crew Group, Inc., Neiman Marcus Group, Inc., and Adorama Camera, Inc.

    As an initial matter, Grecia has asserted the '308 patent at issue in the pending DISH IPR against Defendants in the above-captioned cases, and a decision by the PTAB will impact the current cases. The '308 patent, is also related to the other two patents that are asserted against Defendants and Defendants' customers. In fact, the '308 patent has the same specification, is directed to the same technology, names the same inventor, and has similar claim limitations as the other two asserted patents. As such, the PTAB's findings with respect to the '308 patent are likely to impact all of the currently pending matters.

    Moreover, additional considerations support maintaining the stay. For example, all of the customers that have been served with a complaint have requested an extension to respond to their respective complaints, and their responses are now due either December 13, 2016, December 28, 2016, or January 8, 2017. There still remains one case involving Adorama Camera, Inc., which has not been served with the complaint. Accordingly, all parties will not have responded to their respective complaints until January 2017, at the earliest. In addition, as indicated in the status

letter, Mr. Grecia's counsel is withdrawing, and new counsel is expected to file an appearance within 30 days. For these reasons as well, maintaining the stay until the PTAB issues a decision in the DISH IPR, all parties have responded to the complaint, and new counsel for Mr. Grecia makes an appearance best conserves judicial and party resources.

      Accordingly, Defendants respectfully request that the Court maintain the current stay in the original three related cases and similarly stay the five additional related customer cases pending resolution of the IPR proceeding with respect to the '308 patent.

Sincerely,

*/s/ James C. Yoon*

James C. Yoon
Counsel for Visa Inc.

cc: Counsel of Record